IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
SOUTHERN DIVISION

ANTONIO L. JOHNSON                                              PLAINTIFF

V.                                                              CAUSE NO.: _____

                                                                1:17-cv-340-HSO-JCG

VT HALTER MARINE, INC. DAVID
NEWELL, RUSSELL WOODWARD,
CECIL MAXWELL, NATHAN SHEPARD,
and ZACHARY ANDERSON, ALL IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES                                                      DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

COMES NOW, Plaintiff Antonio L. Johnson (hereinafter "Plaintiff"), by counsel, and files this his *Complaint*, against Defendants VT HALTER MARINE, INC., DAVID NEWELL, RUSSELL WOODWARD, CECIL MAXWELL, NATHAN SHEPARD, and ZACHARY ANDERSON, All in their Individual and Official Capacities (hereinafter "Defendant VT," "Defendant Newell," "Defendant Woodward," "Defendant Maxwell," "Defendant Shepard," "Defendant Anderson," or collectively "Defendants"), and for cause would show unto the Court the following:

### PARTIES

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing at 4800 Long Avenue, Apt. #P121, Pascagoula, MS 39581.

2. Defendant VT is a foreign corporation, qualified to do business in the State of Mississippi, and may be served upon its registered agent, C T

Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3. Defendant Newell is an adult resident of the State of Mississippi. At all relevant times hereto, Defendant Newell was the Superintendent for VT Halter Marine, acting within the scope of his employment. Defendant Newell may be served with process at his place of employment, located at 900 Bayou Casotte Parkway, Pascagoula, MS 39581.

4. Defendant Woodward is an adult resident citizen of the State of Mississippi. At all relevant times hereto, Defendant Woodward was an employee of VT Halter Marine, acting within the scope of his employment. Defendant Wooward may be served with process at his place of employment, located at 900 Bayou Casotte Parkway, Pascagoula, MS 39581.

5. Defendant Maxwell is an adult resident citizen of the State of Mississippi. At all relevant times hereto, Defendant Maxwell was an employee of VT Halter Marine, acting within the scope of his employment. Defendant Maxwell may be served with process at his place of employment, located at 900 Bayou Casotte Parkway, Pascagoula, MS 39581.

6. Defendant Shepard is an adult resident citizen of the State of Mississippi. At all relevant times hereto, Defendant Shepard was an employee of VT Halter Marine, acting within the scope of his employment. Defendant Shepard may be served with process at his place of employment, located at 900 Bayou Casotte Parkway, Pascagoula, MS 39581.

7. Defendant Anderson is an adult resident citizen of the State of Mississippi. At all relevant times hereto, Defendant Anderson was an employee of VT Halter Marine, acting within the scope of his employment. Defendant Anderson may be served with process at his place of employment, located at 900 Bayou Casotte Parkway, Pascagoula, MS 39581.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983 and includes any and all federal law claims plead herein for which jurisdiction and venue are attached.

9. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

10. At all relevant times herein, Plaintiff was an active employee of Defendant VT.

11. In April 2010, Plaintiff, an African-American man, began his employment with Defendant VT. Since the commencement of his employment, Plaintiff endured numerous acts of discrimination from both superiors and his peers.

12. Defendants Newell, Woodward, Maxwell, Shepard, and Anderson are all Caucasian males, who harassed and/or discriminated against Plaintiff during his employment.

13. Defendant Woodward used profanity towards Plaintiff. Both Defendants Maxwell and Shepard threw items within the office at Plaintiff.
14. Additionally, Defendant Shepard physically assaulted Plaintiff while on duty at their employer, Defendant VT.
15. Finally, on March 17, 2017, Defendant Newell (Plaintiff's supervisor) called him a "black nigger." Plaintiff reported this incident, and Defendant Newell was supposedly suspended for three days.
16. According to Defendant VT policy, there is a no tolerance for discrimination. Plaintiff began to fear for his safety, and on May 4, 2017, he was laid-off.
17. Plaintiff was told that his lay-off was due to a reduction in force, but Plaintiff asserts that weeks prior to being laid-off, Defendant VT had been hiring new employees. As a matter of fact, new employees were being hired when Plaintiff was laid-off.
18. During his employment, Plaintiff had no bad evaluation reports/write-ups and he was always punctual. Other white female/male employees who failed to one or both of the aforementioned remained employed with Defendant VT; despite the fact that write-ups and punctuality plays a vital role in determining lay-offs.
19. As a result of filing discrimination charges against Defendants, Plaintiff feels his employment was terminated.
20. On May 27, 2017, Plaintiff filed his charge of discrimination based on race, sex, and retaliation.

21. Plaintiff was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because he was engaged in the protected activity of voicing and filing a discrimination complaint with the Equal Employment Opportunity Commission. As a result of filing discrimination charges against Defendants, Plaintiff's employment was terminated.

## ADMINISTRATIVE PROCEDURE

22. On May 27, 2017, Plaintiff filed charges of discrimination, satisfying the requirements of 42 U.S.C. Section 2000(e) with the EEOC in Jackson, Mississippi. Such charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.

23. The EEOC conducted an investigation on both claims. On October 2, 2017, the EEOC issued a determination. According to the determination, "the EEOC is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

24. The *Complaint* is being filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue. Plaintiff has complied with all statutory and administrative prerequisite to filing suit.

## CAUSE OF ACTION

## COUNT I
## RACE DISCRIMINATION

25. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.
26. Plaintiff is a member of a protected class who has been consistently subjected to actions creating a hostile working environment for Plaintiff because of his race in violation of Title VII of the Civil Rights Act of 1964
27. The acts and omissions of Defendants resulted in a knowing, willful, and intentional violation of Plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964. Such unlawful employment practices violate 42 U.S.C. Section 2000e-3.
28. As a direct and proximate result of Defendants unlawful and discriminatory conduct toward Plaintiff, Plaintiff has lost wages and benefits and sustained other pecuniary loss.
29. Defendants' discriminatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused him to suffer deep pain, humiliation, anxiety, and emotional distress.
30. The unlawful actions of Defendants complained of above was intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II
## RETALIATORY DISCHARGE

31. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

32. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964. Defendants and agents and employees of Defendants, retaliated against Plaintiff after he made reports of discrimination to the EEOC. Plaintiff was retaliated against by unjustly subjecting him to unjust scrutiny, exclusion, and termination.

33. Defendants have no legitimate reason for any such acts.

34. Defendants' actions demonstrate a direct and causal connection between Plaintiff invoking his constitutional rights and the resulting termination by his employer.

35. Such unlawful practices violate 42 U.S.C. Section 2000e-3.

## COUNT III
## CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. SECTION 1983

36. Plaintiff re-alleges all prior paragraphs of the *Complaint* as if set out herein in full.

37. Plaintiff was subjected to adverse and hostile employment conditions at VT Halter Marine due to the actions of Defendants and agents and employees thereof.

38. Defendants unreasonably terminated Plaintiff from his position for unlawful reasons and motivations.

39. The actions of Defendants violate 42 U.S.C. Section 1983 in violation of Plaintiff's rights secured and guaranteed to him by the 1st and 14th Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

40. By Defendants' actions, it shows a direct and causal connection between Plaintiff invoking his constitutional rights and the resulting termination by his employer. Such unlawful employment practices violate 42 U.S.C. Section 1983, Section 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. Section 2000e, et. seq.

## DAMAGES

41. As a consequence of the foregoing misconduct of Defendants, Plaintiff sustained economic damages, pain and suffering, great mental stress, depression, insomnia, shock, and humiliation.

42. As a consequence of the foregoing conduct of Defendants, Plaintiff has damages in an amount exceeding the jurisdictional requirements of the Court.

## RELIEF

43. Plaintiff requests that the Court issue the following relief:
    a. Enter declaratory relief declaring that Defendants have engaged in race discrimination, retaliation, and constitutional violations under 42 U.S.C. Section 1983;
    b. Award Plaintiff compensatory and punitive damages for all the mentioned causes of action in an amount to be determined by a jury of his peers;
    c. Award Plaintiff attorney's fees, cost and expenses of litigation; and
    d. Award such other relief to which Plaintiff may be entitled to under law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with Court costs, including attorney's fees, plus pre and post judgment interest, and for any other relief which this Court deems just and proper.

Respectfully submitted, this the 11th day of December, 2017.

ANTONIO L. JOHNSON, Plaintiff

By: _____
Carlos E. Moore, MSB# 100685

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com